

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 15, 1954

Honorable William L. McGill                 Opinion No. S-135
State Coordinator
Defense and Disaster Relief                 Re: Authority of the State
Austin, Texas                                   disaster officials to
                                                spray private residences
                                                in the Rio Grande flood
Dear Mr. McGill:                                area.

        You have requested an opinion concerning the
authority for state agencies to spray residences damaged by
the flood disaster on the upper Rio Grande Valley which has
created a health problem in that area.

        Article 4419, Vernon's Civil Statutes, provides:

        "The State Board of Health shall have general
    supervision and control of all matters pertaining
    to the health of citizens of this State, as provided
    herein.  It shall make a study of the causes and pre-
    vention of infection of contagious diseases affecting
    the lives of citizens within this State and except
    as otherwise provided in this chapter shall have
    direction and control of all matters of quarantine
    regulations and enforcement and shall have full power
    and authority to prevent the entrance of such diseases
    from points without the State, and shall have direction
    and control over sanitary and quarantine measures
    for dealing with all diseases within the State and to
    suppress same and prevent their spread.  The president of
    the board shall have charge of and superintend the
    administration of all matters pertaining to State
    quarantine."

        Sections 2, 4 and 8 of Article 6889-4, Vernon's
Civil Statutes, provide:

        "Sec. 2.  The Governor shall provide for the
    organization and coordination of a program of civil
    defense and disaster relief adequate to protect
    life and property in this State in case of natural
    disaster, enemy action, or the threat thereof."

"Sec. 4 . . . (e) to prescribe uniform signals warnings, alerts, credentials, insignia, and civil defense operational plans throughout the State and to provide for dim outs or other precautionary measures deemed necessary to prevent or minimize loss of life or injury to persons or property from enemy action or other catastrophe or the threat thereof; . . ."

"Sec. 8. In carrying out the provisions of this Act, the Governor and the executive officers or governing bodies of the political subdivisions of the State are authorized to utilize the services, equipment, supplies and facilities of existing departments, offices, and agencies of the State and of the political subdivisions thereof to the maximum extent practicable, and the officers and personnel of all such departments, offices, and agencies are directed to cooperate with and extend such services and facilities to the Governor and to the civil defense organization of the State upon request."

Under the provisions above quoted you are advised that the various state agencies in the exercise of their police powers to protect the health and property of the citizens of the state may expend money and enter upon premises to spray houses in the disaster area in those instances where it is determined to be necessary for the protection of public health. Attorney General's Opinion to Honorable Allan Shivers dated July 16, 1953. Of course, all officers, agents and employees of the state should exercise due diligence and care when entering private residences so as not to damage the property of the owners.

## SUMMARY

State disaster officers in the exercise of their police powers to protect the health and property of the citizens of the state may expend money and enter

Hon. William L. McGill, page 3 (S-135)

upon the premises to spray houses in the disaster area in those instances where it is determined to be necessary for the protection of public health.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs

Burnell Waldrep
Reviewer

By *John Reeves*
John Reeves
Assistant

William H. Holloway
Reviewer

Robert S. Trotti
First Assistant

JR:cs